IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MARY SHARON LEVIN, <br><br> Plaintiff, <br><br> v. <br><br> **JOHNSON & JOHNSON** and **JOHNSON & JOHNSON CONSUMER COMPANIES LLC**, a subsidiary of **JOHNSON & JOHNSON**, <br><br> Defendants. | Case No. 3:19-cv-00590-YY <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on May 23, 2019. ECF 57. Magistrate Judge You recommended that the Court should exercise its discretion and remand the claims against Johnson & Johnson ("J&J") to state court. For the reasons that follow, the Court ADOPTS the Findings and Recommendation.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

PAGE 1 – ORDER

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Defendants timely filed an objection (ECF 59), to which Plaintiff responded. ECF 64. Defendants object to the portion of Magistrate Judge You's recommendation finding that equitable factors favor remand.

On January 14, 2019, Plaintiff filed suit in Multnomah County Court against manufacturers and distributors of asbestos-containing talc and talcum products which Plaintiff was exposed to and has personally used over a time period spanning fifty years. She brings state law claims for strict liability and negligence against J&J and a number of co-defendants. The companies that supply J&J with talc and talcum powder have filed for chapter eleven bankruptcy. J&J removed this case to federal court, citing Rule 9027 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §§ 1334 and 1452. Section 11334(b) gives district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." Section 1452 allows for removal of any claim or cause of

action to federal district court if there is jurisdiction under section 1334. Section 1452 also allows a district court to remand a claim or cause of action to state court "on any equitable ground." 28 U.S.C. § 1452(b); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 133 (1995).

The Court has reviewed the arguments made and cases cited in Plaintiff's memorandum of law in support of its emergency motion to remand to state court (ECF 6) as well as Defendants' opposition (ECF 49) and Plaintiff's reply (ECF 52). The Court has also reviewed several, though not all, of the 346 cases where courts have ordered or recommended remand of cases filed by plaintiffs who have gotten sick after using J&J's talc products. *See, e.g., Kerkhof v. Johnson & Johnson*, 2019 WL 2359273, at *4 (D. Md. June 3, 2019) (remanding on equitable grounds); *In re Removed State Court Talc Actions v. Johnson & Johnson*, 2019 WL 2191808, at *3 (C.D. Cal. May 21, 2019) (remanding a total of 150 cases on equitable grounds); ECF 65. The Court agrees with Judge You's assessment that equitable factors strongly favor remand. This action will have limited effect on the pending bankruptcy proceedings of J&J's talc suppliers and the debtors in those proceedings are not parties in this case. Plaintiff's right to a jury trial would be substantially prejudiced if her case is not remanded. Her claims rest exclusively on state law. Additionally, several co-defendants have already been remanded to state court and judicial economy and resources weigh against bifurcation.

The Court Adopts the Findings and Recommendation (ECF 57). This case is remanded to Multnomah County Circuit Court pursuant to 28 U.S.C. § 1452(b).

**IT IS SO ORDERED.**

DATED this 17th day of June, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judg

PAGE 3 – ORDER